UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

IZHAN RICKS (#1462332),

    Petitioner,

v.                                                No. 2:21-cv-00378

HAROLD W. CLARKE,
Director, Virginia Department of Corrections,

    Respondent.

**REPORT AND RECOMMENDATION**

Petitioner Izhan Ricks ("Petitioner" or "Ricks") filed this federal habeas petition (the "Petition") under 28 U.S.C. § 2254, and the Petition was referred to the undersigned pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure. Respondent moved to dismiss the Petition, arguing that Ricks had failed to exhaust his state remedies and that his claims were procedurally defaulted. Resp't Br. Supp. Mot. Dismiss ("Resp't Br.") (ECF No. 15). Along with the motion, Respondent provided the notice to pro se parties required by Local Rule 7(K) and the Fourth Circuit's decision in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). (ECF No. 16). Because the Petition contains habeas claims that are procedurally defaulted, and which default is not otherwise excused, this Report recommends that it be dismissed without prejudice.

        I.        **FACTUAL AND PROCEDURAL HISTORY**

On August 21, 2019, Petitioner was convicted in the Circuit Court for Virginia Beach City of burglary, robbery, use of a firearm in commission of felony, conspiracy to commit a felony, and possession of a firearm by a violent felon. Resp't Br. Ex. A (ECF No. 15-1, at 1). He was sentenced to forty years, with all but fifteen years suspended. Id.

1

A.   **State Court Proceedings**

Defense attorney Kristin Paulding ("Paulding") represented Ricks at trial. Am. Pet. (ECF No. 8, at 13). During the trial, Paulding unsuccessfully moved to suppress Ricks's statements to law enforcement on the grounds that he was in custody when he made them. Resp't Br. Ex. F (ECF No. 15-6, at 1, 3). However, Paulding chose not to file several constitutional challenges (the "Challenges") that Ricks presented pro se to the trial court and forwarded to the Virginia Attorney General. The Challenges consist of several handwritten pages seeking rulings on purported constitutional questions as well as a trial delay until the Supreme Court of Virginia could resolve them. Resp't Br. Ex. G (ECF No. 15-7, at 2-3). The Challenges are varied and include, by way of example, alleged search warrant and arrest warrant violations, discovery failures, unauthorized taking of photographs and fingerprints, and a "sovereign citizen" claim. Resp't Br. Ex. G (ECF No. 15-7). Ricks' pro se filings also sought money damages and requested a remedy in admiralty. Id.

Ricks appealed his conviction to the Court of Appeals of Virginia. Am. Pet. (ECF No. 8, at 13). In his appeal, Ricks argued that the trial court erred in denying his motions to suppress and that the evidence was insufficient to prove his identity as one of the perpetrators. Ricks v. Virginia, No. 0473-20-1 (Va. Ct. App. Sept. 10, 2020), aff'd, (Va. Ct. App. Dec. 17, 2020), Resp't Ex. B (ECF No. 15-2, at 6, 10). The court denied the appeal, first by per curiam order and then by a three-judge panel. Id. Petitioner did not appeal this denial to the Supreme Court of Virginia.

B.   **State Habeas Petitions**

Ricks thereafter executed a state petition for a writ of habeas corpus, which he filed in the Circuit Court of the City of Virginia Beach. No. CL21-2516 (Va. Cir. Ct. July 29, 2021), Resp't

Ex. C (ECF No. 15-3). Ricks was not represented by counsel on his state habeas petition. Id. In his petition, Ricks alleged that his pro se Challenges were "filed but ignored. The Attorney General was served a default notice but did not respond to it." Id. at 1. Thus, Petitioner "allege[d] that he [was] entitled to habeas corpus relief because no response was filed to pro se motions that he asserts he filed . . . regarding his criminal case." Id. The respondent moved to dismiss the petition, Am. Pet. Ex. A (ECF No. 8, at 16), which the circuit court granted, No. CL21-2516 (ECF No. 15-3). The circuit court noted that "any failure of the Commonwealth or any of her agents to answer [Ricks's] motions does not provide a ground for habeas corpus relief." Id. at 1.

Ricks thereafter filed a second state petition for writ of habeas corpus with the Supreme Court of Virginia raising allegations identical to those raised in the circuit court. Va. (R. 1-4).[1] Ricks also submitted additional challenges in several new handwritten pages.[2] Id. at 12-20, 23-26. The Court dismissed Ricks's petition without addressing it merits because he did "not allege he [was] detained without lawful authority." Resp't Br. Ex. D (ECF No. 15-4).

### C. Current Federal Habeas Petition

In this federal petition filed September 28, 2021,[3] Ricks challenges his convictions by asserting ineffective assistance of counsel, summarized from the Petition as follows: (1) counsel "failed to raise" the Challenges he eventually filed pro se; and (2) counsel's failure prejudiced

---

[1] The Deputy Clerk of the Supreme Court of Virginia forwarded copies of the pleadings filed in Izhan Ricks v. Virginia Beach Circuit Court, Record No. 210567, to this Court on November 15, 2021.

[2] Ricks did not make an ineffective assistance of counsel claim in his handwritten pages. The closest allegation was that Ricks was "tricked . . . by officers of the court, also known a[s] BAR attorneys," whom he accused of being unregistered foreign agents. Va. (R. 17).

[3] Ricks filed his original petition with this Court on July 12, 2021. (ECF No. 1). However, his original petition was a copy of the petition he had filed in state court. Id. Petitioner was ordered to file an amended petition. (ECF No. 3).

him because raising the Challenges would have led to dismissal of all charges. Am. Pet. (ECF No. 8, at 5, 7). Ricks alleges that Paulding "convinced" him that the Challenges "would only work in federal court," and so he "felt no need to pursue the matter" in state court. Id. at 5. Ricks also alleges that he provided appellate counsel with the Challenges, but counsel only "raised [grounds] . . . related to the trial court verdict" and that "he believed were helpful to Petitioner." Id. at 7.

Respondent filed his Rule 5 Answer and Motion to Dismiss, along with a brief in support, on November 12, 2021. Resp't Br. (ECF Nos. 14, 15). Ricks failed to respond to the Motion, which is now ripe to resolve.

## II.    ANALYSIS

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In this case, Ricks challenges his state custody on the grounds that he did not receive effective trial representation as required under the Sixth Amendment. Am. Pet. (ECF No. 8). However, Ricks is procedurally barred from raising those claims now. Furthermore, the Supreme Court's holding in Martinez v. Ryan, 566 U.S. 1 (2012), does not excuse the default of his inefficient assistance of counsel claims. This Report thus RECOMMENDS GRANTING Respondent's Motion to Dismiss, (ECF No. 14), and DISMISSING with prejudice Rick's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, (ECF No. 8).

**A.     Ricks's Claims Are Exhausted and Procedurally Defaulted.**

Before applying for federal habeas relief, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28

U.S.C. § 2254(b)(1). This requirement gives "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing . . . ." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). The prisoner must "invoke[] one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999). Furthermore, "[e]xhaustion generally requires that the essential legal theories and factual allegations advanced in federal court be the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). The habeas petitioner bears the burden of proving that all claims are exhausted. Breard, 134 F.3d at 618 (citing Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994)). Ricks did not present his ineffectiveness claims to the Virginia courts in either of his state habeas petitions but raises them for the first time now with this Court.

A claim may be treated as exhausted if it clearly would be procedurally defaulted if presented in state court. Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Ricks's ineffective assistance of counsel claims are procedurally defaulted because Virginia law prohibits successive petitions alleging grounds that were available when a petitioner first filed. Va. Code § 8.01-654(B)(2) ("No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition."). Ricks previously filed a state habeas petition, in which he did not claim ineffective assistance of counsel. No. 0473-20-1, Resp't Ex. B (ECF No. 15-2, at 13). Because his ineffectiveness claims relate to his attorney's performance at trial, they were clearly available to him when he filed the state petitions. Virginia's successive petitions bar would prevent him from raising them in a new petition. This rule is well-established as an "adequate and independent state-law ground for decision." Mackall v. Angelone, 131 F.3d 442, 446 (4th

5

Cir. 1997) (citing cases).

Failure to comply with state procedures bars a petitioner from raising that claim in a federal habeas petition unless the petitioner can show cause for the default and resulting prejudice. Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)). Ricks has not shown cause or prejudice. He alleges that trial counsel told him that the Challenges "would only work in federal court," and he thus "felt no need to pursue the matter." Am. Pet. (ECF No. 8, at 5). He also noted that appellate counsel only raised issues "related to the trial court's verdict," and not the Challenges. Id. at 7. Ricks did not explain why a claim for ineffective assistance of counsel was not raised in his state habeas petition. Therefore, there are no "objective factor[s] external to the defense" that impeded his efforts to comply with the state procedural rule. Wolfe v. Johnson, 565 F.3d 140, 158 (4th Cir. 2009) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

Additionally, the Court's review of the record confirms that failing to review his claims will not result in a fundamental miscarriage of justice. Murray, 477 U.S. at 496 (allowing review when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."). The Petition does not "present[] 'new reliable evidence' supporting a claim of actual innocence" on the underlying charges. Sharpe v. Bell, 593 F.3d 372, 377 (4th Cir. 2010) (citing Schlup v. Delo, 513 U.S. 298, 324 (1995)). Because Ricks has not shown cause excusing his failure to comply with state procedure or a fundamental miscarriage of justice, his claims of ineffective assistance of counsel are procedurally defaulted and barred from federal review.

B.  **Martinez v. Ryan Does Not Allow Ricks to Overcome the Procedural Default.**

With respect to claims of ineffective assistance of counsel, Martinez may excuse a procedural default if it results from inadequate representation during the initial collateral review

proceedings. There, the Supreme Court recognized that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Martinez, 566 U.S. at 9. Specifically, Martinez established a test to determine whether a petitioner can show cause for defaulting on an ineffective assistance claim because of inadequate representation in state habeas proceedings.

The Martinez test applies when the state imposing the conviction requires the prisoner to raise an ineffective assistance claim in an initial collateral proceeding rather than on direct review.[4] Id. at 14. Virginia is such a state. See, e.g., Lenz v. Commonwealth, 544 S.E.2d 299, 304 (Va. 2001) (explaining that Virginia requires ineffective assistance claims to be brought "in a habeas corpus proceeding and are not cognizable on direct appeal"). Under the test, the state must first have failed to appoint counsel in the initial-review collateral proceeding, or appointed counsel in the collateral proceeding must have been ineffective under Strickland v. Washington, 466 U.S. 668 (1984). See Martinez, 566 U.S. at 14. Ricks was not represented by counsel for his state habeas petition, and thus this prong is met. Second, the underlying ineffective assistance claim must be "a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id.

For Ricks to plausibly allege a meritorious claim of ineffective assistance of counsel, he must satisfy both the "performance" and "prejudice" prongs of the two-part test set forth in Strickland. See Moore v. Stirling, 952 F.3d 174, 185-86 (4th Cir.), cert. denied, 141 S. Ct. 680 (2020). To satisfy the "performance" prong of the test, Ricks must show that "counsel's representation fell below an objective standard of reasonableness" such that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by

---

[4] "Initial-review collateral proceedings" are those proceedings under state law "which provide the first occasion to raise a claim." Martinez, 566 U.S. at 8.

7

the Sixth Amendment." Strickland, 466 U.S. at 687, 688. To satisfy the "prejudice" prong of the test, Ricks must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. To satisfy Martinez and obtain federal review in this habeas action, Ricks must plausibly allege that when Paulding did not submit the Challenges to the trial court,[5] she was constitutionally ineffective as to both performance and prejudice. Moore, 952 F.3d at 185-86.

i. **Performance**

Paulding's decision not to file the Challenges does not fall below "an objective standard of reasonableness" in this case. Strickland, 466 U.S. at 688. The difficult burden is on Petitioner to show that Paulding's performance was deficient because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. In fact, there is "a heavy measure of deference to counsel's judgments." Id. at 691; see also Pruett, 996 F.2d at 1568 (finding that counsel is "entitled to a presumption that he decided which issues were most likely to afford relief"). Attorneys are not required to "raise every possible claim," and "[t]hey are permitted to set priorities, determine trial strategy, and press those claims with the greatest chances of success." United States v. Mason, 774 F.3d 824, 828 (4th Cir. 2014).

Under this deferential standard, Ricks has failed to show that Paulding's performance was less than that constitutionally required. He has alleged only that she did not comply with his request for certain arguments. Am. Pet. (ECF No. 8, at 5). This is not enough the overcome the

---

[5] Although Ricks outlined his ineffective assistance of counsel claims as two separate grounds in the Petition, Am. Pet. (ECF No. 8, at 5, 7), they each relate to one prong of the Strickland test. Ground One relates to the "performance" prong, alleging that counsel's performance was deficient because she did not raise the Challenges. Id. at 5. Ground Two relates to the "prejudice" prong, alleging that charges against Petitioner would have been dropped if counsel had done so. Id. at 7. Both grounds are thus treated collectively as an ineffective assistance of counsel claim.

8

"heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 691. To the contrary, the record shows that Paulding utilized her professional judgment in pursuing arguments "with the greatest chances of success." Mason, 774 F.3d at 828. At trial, Paulding moved to suppress Ricks's statements to law enforcement, even if unsuccessfully. Resp't Br. Ex. F (ECF No. 15-6, at 1, 3). The trial court record does not indicate that additional challenges were viable. The Court of Appeals of Virginia also reviewed the case record and denied Ricks's appeal. No. 0473-20-1, Resp't Ex. B (ECF No. 15-2).

In fact, Paulding's professional evaluation that Ricks' pro se Challenges were unlikely to succeed was entirely justified.[6] Many of the Challenges are "frivolous," such as Petitioner's sovereign citizen claim. Weatherspoon v. Clarke, No. 1:20cv402, 2020 WL 4032135, at *2 (E.D. Va. July 14, 2020). Others misapply the law, such as Petitioner's allegation that he "was forced to give [his] fingerprints and photographs, against [his] will," Resp't Br. Ex. G (ECF No. 15-7, at 7), which does not amount to a Fourth Amendment violation, Maryland v. King, 569 U.S. 435, 466 (2013). Lastly, some are simply irrelevant, such as Ricks's claims for damages or for a remedy in admiralty. Resp't Br. Ex. G (ECF No. 15-7, at 5, 9-10). In sum, Ricks has not provided the Court with evidence that the Challenges were meritorious. However, even if some potentially had merit, counsel is not required to "raise[] every conceivably viable legal argument." Poyner v. Murray, 964 F.2d 1404, 1423 (4th Cir. 1992). Counsel only needs to perform reasonably, and Paulding's conduct did not fall below an objectively reasonable standard.

    ii.    **Prejudice**

Similarly, there is no evidence that Paulding's representation caused Ricks any discernable prejudice. The underlying inquiry is whether "counsel's unprofessional errors so

---

[6] Although not all of the Challenges are discussed here, I have reviewed the record on each one.

upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." Kimmelman v. Morrison, 477 U.S. 365, 374 (1986); see also Strickland, 466 U.S. at 694 (defining "reasonable probability" as "a probability sufficient to undermine confidence in the outcome."). Petitioner argues that he was prejudiced because the Challenges would have caused the dismissal of all charges. Am. Pet. (ECF No. 8, at 7). However, petitioners must offer more than "mere speculation" in showing prejudice. Pilcher v. Johnson, No. Civ. A. 705CV00696, 2006 WL 681004, at *7 (W.D. Va. Mar. 10, 2006). Ricks has not done so here.

Both prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and Ricks must satisfy both requirements of the test to prevail on the merits. Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994) (citing Strickland, 466 U.S. at 697). However, Ricks has not satisfied either prong. As such, Ricks' claims of ineffectiveness are not substantial, and Martinez does not excuse the procedural default in this case.

### III. RECOMMENDATION

Because Ricks's state court remedies are now procedurally defaulted, and such default cannot be excused, the undersigned recommends that Respondent's Motion to Dismiss be GRANTED, (ECF No. 14), and Rick's Petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED with prejudice, (ECF No. 8).

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the

date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
January 6, 2022

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing was mailed this date to:

**Izhan Ricks,** #1462332
c/o Nottoway Correctional Center
P. O. Box 488
Burkeville, VA 23922

A copy of the foregoing was provided electronically this date to:

**Virginia Bidwell Theisen**
Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219

Fernando Galindo, Clerk

By ____/s/ J. L. Meyers____
Deputy Clerk

____January 6____, 2022